United States District Court
Southern District of Texas
FILED

JUL 1 1 2014

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

CARIBBEAN SUN AIRLINES, INC. d/b/a
WORLD ATLANTIC AIRLINES, a Florida
corporation,

    Plaintiff,

v.

CASE NO. _____

TRAILBOSS ENTERPRISES, INC.,
an Alaska corporation, and
MARITZA IZALIA VASQUEZ, an
individual,

    Defendants.
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE UNITED STATES DISTRICT COURT:

COME NOW, CARIBBEAN SUN AIRLINES, INC. d/b/a WORLD ATLANTIC AIRLINES and the undersigned, complaining of TRAILBOSS ENTERPRISES, INC. and MARITZA IZALIA VASQUEZ, and would respectfully show the Court as follows:

**PARTIES, JURISDICTION, VENUE AND INSTRADISTRICT ASSIGNMENT**

1. Plaintiff, CARIBBEAN SUN AIRLINES, INC. d/b/a WORLD ATLANTIC AIRLINES (hereinafter, "World Atlantic") is a Florida corporation with its principle place of business in Miami, Florida.

2. Defendant, TRAILBOSS ENTERPRISES, INC. ("Trailboss") is an Alaska Corporation with its principal place of business in Anchorage, Alaska.

3. Defendant, MARITZA IZALIA VASQUEZ ("Ms. Vasquez") is an individual that resides in Cameron County, Texas and is otherwise competent.

1

4. This Court has jurisdiction over the subject matter and all parties herein. This Court has subject matter jurisdiction pursuant to 28 U.S.C., § 1332, this being an Action between citizens of different states with the amount in controversy exceeding the statutory minimum of $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Trailboss, a foreign corporation, pursuant to Tex. Civ. Prac. & Rem. Code § 17.042, since Trailboss has committed a tort, in whole or in part, in the State of Texas.

6. Venue is proper in the United Stated District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1391, as a substantial portion of the events and occurrences giving rise to this Action occurred in Cameron County, which is located in the Southern District of Texas.

7. Intradistrict assignment to the Brownsville Division is also proper because a substantial part of the events giving rise to World Atlantic's Action occurred in Brownsville, Texas at the Brownsville/South Padre Island International Airport.

## GENERAL ALLEGATIONS

8. On or about January 14, 2014, an employee/agent of Trailboss, Ms. Vasquez, was operating a vehicle owned by and registered to Trailboss, one 1996 MCI Les Auto Bus, VIN No. 1M8PDMPA6TP047832, Texas License Plate No. U15306 ("Airport Shuttle").

9. At the time of the subject incident, the Airport Shuttle was located on the tarmac at Brownsville/South Padre Island International Airport ("Airport").

10. Also on the tarmac at the time of the incident was one McDonnell Douglas Aircraft Co. aircraft, Model MD83, US Registration No. N804WA ("Aircraft"), Manufacture Serial No. 49345 operated by World Atlantic.

2

11. While operating the Airport Shuttle, Ms. Vasquez collided with the parked Aircraft, slicing through its wing and causing severe structural damage thereto.

## COUNT I – NEGLIGENCE (VASQUEZ)

12. Plaintiff World Atlantic hereby incorporates each allegation contained in paragraphs 1 through 11 as if fully set forth herein.

13. At all times material, Vasquez owed a duty to World Atlantic to use reasonable care in the operation of the Aircraft Shuttle, including the subject Aircraft.

14. Vasquez knew or should have known that her failure to use reasonable care in the operation of the Airport Shuttle would cause harm to the property of others.

15. At all times material, Vasquez breached her duty of care by negligently and carelessly operating the Airport Shuttle and causing it to collide with the parked Aircraft.

16. As a direct and proximate cause of the negligence of Vasquez, World Atlantic has sustained damages, including but not limited to:

    a. Damages to its Aircraft;

    b. Repair costs;

    c. Loss of use of its Aircraft;

    d. Parking and storage costs;

    e. Diminution in value; and

    f. Lost profits.

GRIFFIN, SERRANO & EWING, PA
LANDMARK BANK BUILDING, SIXTH FLOOR, 707 SOUTHEAST 3RD AVENUE,
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

## COUNT II - GROSS NEGLIGENCE (VASQUEZ)

17. Plaintiff World Atlantic hereby incorporates each allegation contained in paragraphs 1 through 11 as if fully set forth herein.

18. At all times material, Vasquez owed a duty to World Atlantic to use reasonable care in the operation of the Aircraft Shuttle, including the subject Aircraft.

19. Vasquez knew or should have known that her failure to use reasonable care in the operation of the Airport Shuttle would cause harm to the property of others.

20. In At all times material, Vasquez's conduct in the operation of the subject Airport Shuttle was so reckless and wanting in care that it constituted a conscious disregard or indifference to the rights and property of others exposed to such conduct.

21. As a direct and proximate cause of the gross negligence of Vasquez, World Atlantic has sustained damages, including but not limited to:

   g. Damages to its Aircraft;

   h. Repair costs;

   i. Loss of use of its Aircraft;

   j. Parking and storage costs;

   k. Diminution in value; and

   l. Lost profits.

## COUNT III – NEGLIGENCE (TRAILBOSS)

22. Plaintiff World Atlantic hereby incorporates each allegation contained in paragraphs 1 through 11 as if fully set forth herein.

23. At all times material, Trailboss owed a duty to World Atlantic to use reasonable care in the operation of the Aircraft Shuttle, including the subject Aircraft.

4

24. Trailboss knew or should have known that its failure to use reasonable care in the operation of the Airport Shuttle would cause harm to the property of others.

25. At all times material, Trailboss breached its duty of care by negligently and carelessly operating the Airport Shuttle and causing it to collide with the parked Aircraft.

26. As a direct and proximate cause of the negligence of Trailboss, World Atlantic has sustained damages, including but not limited to:

   m. Damages to its Aircraft;

   n. Repair costs;

   o. Loss of use of its Aircraft;

   p. Parking and storage costs;

   q. Diminution in value; and

   r. Lost profits.

## COUNT IV - GROSS NEGLIGENCE (TRAILBOSS)

27. Plaintiff World Atlantic hereby incorporates each allegation contained in paragraphs 1 through 11 as if fully set forth herein.

28. At all times material, Trailboss owed a duty to World Atlantic to use reasonable care in the operation of the Aircraft Shuttle, including the subject Aircraft.

29. Trailboss knew or should have known that her failure to use reasonable care in the operation of the Airport Shuttle would cause harm to the property of others.

30. At all times material, Trailboss's conduct in the operation of the subject Airport Shuttle was so reckless and wanting in care, that it constituted a conscious disregard or indifference to the rights and property of others exposed to such conduct.

5

31. As a direct and proximate cause of the gross negligence of Trailboss, World Atlantic has sustained damages, including but not limited to:

  s. Damages to its Aircraft;

  t. Repair costs;

  u. Loss of use of its Aircraft;

  v. Parking and storage costs;

  w. Diminution in value; and

  x. Lost profits.

## COUNT V – RESPONDEAT SUPERIOR (TRAILBOSS)

32. Plaintiff World Atlantic hereby incorporates each allegation contained in paragraphs 1 through 11 as if fully set forth herein.

33. Trailboss is liable for the acts of its officers, agents, servants, employees, or representatives because the same did such act or thing with the full authorization or ratification of Trailboss and/or such was done in the normal routine, course and scope of Trailboss's agents, officer's, servant's, employee's, or representative's duties and or such was done for the accomplishment of the objective for which the agents, officers, servants, employees, or representatives were employed.

34. Under the common-law doctrine of respondeat superior, Trailboss is vicariously liable to World Atlantic for negligent acts, grossly negligent acts, commissions and or omissions committed by its employee/agent, Ms. Vasquez, for actions taken will in the course and scope of her employment with Trailboss.

35. As a result of the foregoing, World Atlantic has sustained damages, including but not limited to:

GRIFFIN, SERRANO & EWING, PA
LANDMARK BANK BUILDING, SIXTH FLOOR, 707 SOUTHEAST 3RD AVENUE,
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

    a. Damages to its Aircraft;

    b. Repair costs;

    c. Loss of use of its Aircraft;

    d. Parking and storage costs;

    e. Diminution in value; and

    f. Lost profits.

### COUNT VI – NEGLIGENT ENTRUSTMENT (TRAILBOSS)

36. Plaintiff World Atlantic hereby incorporates each allegation contained in paragraphs 1 through 11 as if fully set forth herein.

37. Trailboss entrusted the Airport Shuttle to Ms. Vasquez, who is a reckless and incompetent driver.

38. Trailboss knew or should have known that Ms. Vasquez was a reckless and incompetent driver.

39. Ms. Vasquez was negligent when she recklessly drove the Airport Shuttle into the parked Aircraft.

40. Trailboss's negligent entrustment of the Airport Shuttle to Ms. Vasquez was the proximate cause of the accident, and as a result, World Atlantic has sustained damages, including but not limited to:

    a. Damages to its Aircraft;

    b. Repair costs;

    c. Loss of use of its Aircraft;

    d. Parking and storage costs;

    e. Diminution in value; and

GRIFFIN, SERRANO & EWING, PA
LANDMARK BANK BUILDING, SIXTH FLOOR, 707 SOUTHEAST 3RD AVENUE,
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

f.  Lost profits.

## COUNT VII – NEGLIGENCE HIRING (TRAILBOSS)

41.  Plaintiff World Atlantic hereby incorporates each allegation contained in paragraphs 1 through 11 as if fully set forth herein.

42.  At all times material, Trailboss owed a duty to the general public, including World Atlantic, to ascertain the qualifications and competence of every employee that it hired, including Ms. Vasquez.

43.  Trailboss further owed a heightened duty to the public, given the hazardous nature of operating an Airport Shuttle vehicle that transports passengers on an international airport tarmac around commercial passenger aircraft, such as the subject Aircraft.

44.  Trailboss knew or should have known that its failure to use reasonable care in the hiring of Ms. Vasquez would cause harm to the property of others.

45.  At all times material, Trailboss breached its duty of care by negligently and carelessly hiring Ms. Vasquez who recklessly operated the subject Airport Shuttle.

46.  As a direct and proximate cause of the negligence of Trailboss, World Atlantic has sustained damages, including but not limited to:

   a.  Damages to its Aircraft;

   b.  Repair costs;

   c.  Loss of use of its Aircraft;

   d.  Parking and storage costs;

   e.  Diminution in value; and

   f.  Lost profits.

GRIFFIN, SERRANO & EWING, PA
LANDMARK BANK BUILDING, SIXTH FLOOR, 707 SOUTHEAST 3RD AVENUE,
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for all issues so triable.

## PRAYER

For these reasons, World Atlantic respectfully requests that the Court issue citation for Defendants to appear and answer and that Plaintiff be awarded judgment against Defendants for the following:

    a.    Actual damages as set forth in each count;

    b.    Exemplary damages;

    c.    Prejudgment and postjudgment interest;

    d.    Litigation costs including court costs and reasonable attorneys' fees;

    e.    All other relief to which Plaintiffs are entitled.

Respectfully submitted July 10, 2014

**GRIFFIN, SERRANO & EWING, P.A.**
Attorneys for Plaintiff
Blackstone Building, Sixth Floor
707 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Phone: (954) 462-4002
Fax: (954) 462-4009

/s/ Jonathan A. Ewing

Juan R. Serrano
Florida Bar No. 319510
Jonathan A. Ewing
Florida Bar No. 040972

9

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

United States District Court
Southern District of Texas
FILED
JUL 11 2014
David J. Bradley, Clerk of Court

## I. (a) PLAINTIFFS
CARIBBEAN SUN AIRLINES, INC. d/b/a WORLD ATLANTIC AIRLINES, a Florida corporation

**DEFENDANTS**
TRAILBOSS ENTERPRISES, INC., an Alaska corporation, and MARITZA IZALIA VASQUEZ, an individual

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Municipality of Anchorage
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan A. Ewing, B.C.S.
GRIFFIN, SERRANO & EWING, P.A.; Blackstone Building, Sixth Floor;
707 SE 3rd Ave. Fort Lauderdale, FL 33316; (954) 462-4002

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C., 1332

Brief description of cause:
Property damaged caused by vehicle collision

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 100,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  07/10/2014

SIGNATURE OF ATTORNEY OF RECORD  *(signature)*

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____