IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CARIBBEAN SUN AIRLINES, INC. d/b/a WORLD ATLANTIC AIRLINES, a Florida corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TRAILBOSS ENTERPRISES, INC., an Alaska corporation, and MARITZA IZALIA VASQUEZ, an individual,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ CASE NO. 4:14-cv-02017<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**TRAILBOSS ENTERPRISES, INC.'S EXPEDITED MOTION TO DETERMINE SUFFICIENCY OF PLAINTIFF'S RESPONSES AND MOTION TO COMPEL**

Defendant Trailboss Enterprises, Inc. ("Trailboss") files this Expedited Motion to Determine Sufficiency of Plaintiff's Responses and Motion to Compel and respectfully requests that this Honorable Court compel responses to certain discovery requests served by Trailboss. Trailboss has attempted in good faith to resolve the issues raised by this motion. However, in light of the approaching January 30, 2015 deadline for Trailboss to produce expert disclosures and reports, Trailboss cannot delay any further in filing this motion and is forced to seek the Court's assistance in resolving these issues. In support of the relief requested, Trailboss would show as follows:

### I.  FACTUAL BACKGROUND

This is a negligence case arising out of a minor accident involving a bus and a stationary, unoccupied McDonnell Douglas MD83 aircraft at the Brownsville/South Padre Island International Airport. Trailboss Enterprises, Inc. is a Government Services contractor that provides transportation, support, and logistics services, aerospace ground support, air terminal ground handling, and passenger terminal operations for the aviation industry. On the morning

of January 14, 2014, transportation officer Maritsa Izalia Vasquez was driving a bus east on the tarmac.[1] She allegedly struck the left wing of the MD83, which was owned by Plaintiff Caribbean Sun Airlines, Inc. d/b/a World Atlantic Airlines ("World Atlantic"). There were no injuries, but unfortunately the MD83 incurred physical damage to its left wing.

## II.   SUMMARY OF ARGUMENT

<u>The proper measure of damages is the probably the most disputed and critical issue in this case.</u>  The damages claimed in World Atlantic's Complaint include the following:

1. Damages to the subject MD83;
2. Repair costs;
3. Loss of use of the MD83;
4. Parking and storage costs;
5. Diminution of value; and
6. Lost profits.

In February 2014, World Atlantic sent Trailboss a demand letter claiming entitlement to nearly $500,000 in damages.[2]  Since that time, World Atlantic has repeatedly requested the production of documents to reasonably substantiate those damages.

Trailboss believes the proper measure of damages could—but does not necessarily—include reasonable and necessary repair costs; diminution of value of the aircraft, if any; and lost profits/loss of use, if any.  Accordingly, in September of 2014, Trailboss served document requests on World Atlantic which included a number of very pointed questions regarding the details of these issues.[3]  Specifically at issue here, Trailboss requested information concerning:

> 1. World Atlantic's claim that the subject aircraft was not airworthy as a result of the alleged incident (Request for Production No. 2); and

---

[1] Maritsa (incorrectly named "Maritza") Izalia Vasquez is a named defendant, but apparently has not yet been served as of the date of this motion.
[2] *See* February 14, 2014 letter from Jonathan A. Ewing, attached as **Exhibit A**.
[3] For the Court's reference, copies of these requests are attached hereto as **Exhibit B.**

  2. World Atlantic's diminution of value claim, including the fair market value of the subject aircraft prior to the incident (Request for Production Nos. 11 and 12).[4]

Prior to the deadline to respond, World Atlantic's counsel called and requested an extension of time to respond. The extension was granted by counsel for Trailboss, and World Atlantic ended up serving responses on November 17, 2014.[5] World Atlantic has since supplemented its discovery, but large and important gaps remain.

  Essentially, Trailboss has tried for months to get the information requested and has been left with no option but to file this motion and ask that this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel World Atlantic to provide complete supplemental responses to the following:

**<u>Defendant Trailboss Enterprises, Inc.'s First Request for Production (served September 30, 2014)</u>**

**2. Copies of all documents, recordings, photographs, video, or other tangible items related to, supporting, or evidencing your claim that the subject aircraft was not airworthy as a result of the alleged incident. Include in your response documents substantiating any length of time for which you claim the subject aircraft was not airworthy as a result of the alleged incident.**

  World Atlantic's counsel has responded to Trailboss's request for documents concerning the airworthiness of the MD83 as follows:

> Airworthiness is set forth as an entry in the airframe logbooks. You were going to find out dates that you can inspect all of these documents when we last spoke.[6]

The <u>volume</u> of these documents and <u>details</u> of the relevant information that may be in these "airframe logbooks" is unknown. World Atlantic claims the logbooks contain "thousands of pages of documents,"[7] but Trailboss specifically seeks documents supporting World Atlantic's

---

[4] As of the date of this motion, World Atlantic has **not** served the requisite disclosures under Federal Rule of Civil Procedure 26(a)(1)(A).
[5] For the Court's reference, copies of the objections and responses that were received are attached hereto as **<u>Exhibit C</u>**.
[6] *Id*.
[7] *See* December 18, 2014 letter from Jonathan A. Ewing, attached as **<u>Exhibit D</u>**.

**TRAILBOSS ENTERPRISES, INC.'S EXPEDITED MOTION TO DETERMINE SUFFICIENCY OF**
**PLAINTIFF'S RESPONSES AND MOTION TO COMPEL PAGE 3**

claim that the MD83 was not airworthy <u>as a result of the alleged incident</u>. The pages relative to the incident should be easy to extract and provide to Trailboss. The pages should include relevant information such as the damage assessment, damage map, repair scheme, and approval. It is difficult to perceive how World Atlantic is unable to copy and produce these pages, and World Atlantic has provided no explanation regarding why it believes Trailboss must instead fly its counsel to Florida in order to obtain copies of responsive documents.

**11.   Copies of all documents and appraisals evidencing or demonstrating the fair market value of the subject aircraft prior to the incident; and**
**12.   Copies of all documents and appraisals evidencing or demonstrating the current fair market value of the subject aircraft.**

The document sought in Requests 11 and 12 should be simple. World Atlantic's diminution of value claim requires information about the fair market value of the MD83. World Atlantic has claimed for months that the subject aircraft "would currently have a conservative fair market value of $1,850,000.00."[8] In a reported dated December 22, 2014, World Atlantic's expert claims to have relied on "comparable aircraft and turbines within the United States that are being held out for sale."[9] Trailboss is entitled to production of the "comparable aircraft and turbine" documents relied upon by World Atlantic and its expert.

If World Atlantic cannot or will not provide this information, then it is difficult to understand how it will meet its burden of proof on its alleged damages. Accordingly, World Atlantic should be ordered to (1) provide the requested information, or (2) provide a detailed explanation why it cannot be provided.

---

[8] *See* Exhibit A, *supra*.
[9] *See* Document No. 27-1, on file herein, at 1, 2.

**TRAILBOSS ENTERPRISES, INC.'S EXPEDITED MOTION TO DETERMINE SUFFICIENCY OF**
**PLAINTIFF'S RESPONSES AND MOTION TO COMPEL                                              PAGE 4**

### III. CERTIFICATE OF CONFERENCE

Trailboss has made a good faith effort to confer with World Atlantic in order to resolve this discovery dispute as required by Local Rule 7.1(D). Unfortunately, the Parties have been unable to resolve this discovery dispute.

It is essential that World Atlantic produce the above-mentioned documents and information supporting its claims and damages. Accordingly, Trailboss respectfully requests that the Court grant its Expedited Motion to Determine Sufficiency of Plaintiff's Responses and Motion to Compel, with the inclusion of a finding that World Atlantic's responses to the Requests for Production described above are insufficient, compel supplemental discovery responses as set forth in this motion and in advance of Trailboss's January 30, 2015 deadline for expert disclosures and reports, and grant other such relief to which Trailboss may be entitled.

Respectfully submitted,

*/s/ Adrienne N. Russell*
**DARRELL BARGER**
Texas State Bar No. 01733800
dbarger@hdbdlaw.com
**JEFFREY S. PATTERSON (Lead Attorney)**
Texas State Bar No. 15596700
jpatterson@hdbdlaw.com
**ADRIENNE N. RUSSELL**
Texas State Bar No. 24064168
arussell@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, TX 75231
Telephone:(214) 346-3715
Facsimile: (214) 267-4201

**ATTORNEYS FOR DEFENDANT
TRAILBOSS ENTERPRISES, INC.**

**CERTIFICATE OF SERVICE**

       This is to certify that a true and correct copy of the above and foregoing instrument has been served on all known counsel by in accordance with the Federal Rules of Civil Procedure on December 23, 2014.

                         */s/ Adrienne N. Russell*